MEMORANDUM OPINION

No. 04-04-00917-CR

Ramiro MATA,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 379th Judicial District Court, Bexar County, Texas 
Trial Court No. 2003-CR-4361
Honorable Bert Richardson, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   November 23, 2005

AFFIRMED

            A jury found defendant, Ramiro Mata, guilty of aggravated assault with a deadly weapon and
sentenced him to thirty years’ confinement. On appeal, defendant asserts the trial court erred by
denying him his Sixth Amendment right to confront the complainant, and by excluding evidence that
prevented him from presenting his defense at trial. We affirm. 
 
RIGHT OF CONFRONTATION
            The complainant, defendant’s girlfriend, was not present at trial. Defendant argues that the
admission of complainant’s out-of-court statement, “he cut me, he cut me,” denied him the right to
confront and cross-examine the complainant. 
            Out-of-court statements by witnesses that are testimonial in nature are barred under the
Confrontation Clause of the Sixth Amendment to the United States Constitution unless the witnesses
are unavailable and the defendant has had a prior opportunity to cross-examine the witnesses,
regardless of whether such statements are deemed reliable by the court. Crawford v. Washington, 541
U.S. 36, 58-69 (2004). The Crawford court declined to provide a comprehensive definition of
“testimonial,” although it did note three examples of testimonial evidence: (1) “ex parte in-court
testimony or its functional equivalent,” such as affidavits, custodial examinations, prior trial
testimony not subject to cross-examination, or “similar pretrial statements that declarants would
reasonably expect to be used prosecutorially”; (2) “extrajudicial statements...contained in formalized
testimonial materials, such as affidavits, depositions, prior testimony, or confessions”; and (3)
“statements that were made under circumstances which would lead an objective witness reasonably
to believe that the statement would be available for use at a later trial.” Id. at 51-2. The court further
noted that testimonial hearsay “applies at a minimum to prior testimony at a preliminary hearing,
before a grand jury, or at a former trial; and to police interrogations.” Id. at 68. 
            Here, Officer Pedraza testified he was the first officer on the scene. Officer Pedraza
approached complainant and asked her if she was okay and, she responded, “he cut me, he cut me.” 
Complainant made this statement approximately three to four minutes after the attack, with her neck
bleeding and while she was slipping in and out of consciousness. Although this statement was made
to a police officer, it was not given in a formal setting, and we believe it was not made with the
expectation that it would be used later at trial. See Gonzalez v. State, 155 S.W.3d 603, 610 n.4 (Tex.
App.—San Antonio 2004, pet. granted) (“An unstructured interaction between an officer and witness
shortly after a distressing event has occurred...simply does not fit within a lay conception of
‘interrogation.’”). Accordingly, the trial court did not abuse its discretion in ruling that complainant’s
statement was non-testimonial and therefore admissible. 
EXCLUSION OF EVIDENCE 
            Defendant asserts the trial court prevented him from presenting his defense that complainant’s
injuries were self-inflicted and he was merely trying to prevent her from hurting herself. On appeal,
defendant contends the trial court fundamentally erred in refusing to admit into evidence an affidavit
that supported this defensive theory. During trial, defendant’s mother testified that complainant filed
assault charges against defendant in 2002, arising from allegations that defendant had cut
complainant. She said complainant “corrected the charge” by writing an affidavit “to drop the charges
on him.” At trial, defendant argued the affidavit should be admitted to corroborate the witness’
testimony that complainant admitted she cut herself in this case, just as she had in 2002.



            An erroneous evidentiary ruling rarely rises to the level of denying a defendant the right to
present a meaningful defense. Potier v. State, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002). 
Exclusion of evidence is constitutional error only if the excluded evidence forms such a vital portion
of a defendant’s case that the exclusion effectively precludes him from presenting a defense. Id. at
665. For there to be error, the trial court must have made a ruling affecting evidence that comprised
a vital portion of defendant’s case. Id. Here, although the affidavit was not admitted into evidence,
the jury heard testimony about a prior criminal charge filed against defendant based upon “[defendant
and complainant being] inside the van and that she was bleeding .... [and complainant later] cleared
[the charge] up” when she filed an affidavit. Although defendant may have been prevented from
presenting his case to the extent and in the form he desired, we conclude the trial court’s ruling did
not prevent him from presenting a meaningful defense.
CONCLUSION
            We overrule defendant’s issues on appeal and affirm the trial court’s judgment.
 
 
Sandee Bryan Marion, Justice
 
DO NOT PUBLISH